1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11  PETER GONZALEZ,                    )  Civil No. 09-1080-W(WVG)
                                       )
12                  Plaintiff,         )  REPORT AND RECOMMENDATION
                                       )  GRANTING DEFENDANTS' MOTION
13  v.                                 )  TO DISMISS
                                       )
14  J. GARIBAY, M.A. SMELOSKY,         )  (Docs. ## 13, 14)
    N. GRANNIS,                        )
15                                     )
                    Defendants.        )
16                                     )
                                       )
17

18         On May 15, 2009, Peter Gonzalez, (hereafter "Plaintiff"), an

19  inmate proceeding *pro se* and *in forma pauperis,* filed a Complaint

20  pursuant to 42 U.S.C. § 1983, (hereafter "Complaint"), claiming that

21  his civil rights were violated when he was housed at Centinela State

22  Prison. He sues Defendants in their official and individual

23  capacities, and seeks "special damages according to proof," punitive

24  damages, an injunction, costs incurred in pursuing this litigation,

25  and reasonable attorneys fees. Defendants J. Garibay, (hereafter

26  "Garibay"), and M.A. Smelosky, (hereafter "Smelosky")[1/], have filed

27  ───────────────────────
       [1/]   Plaintiff's Complaint spells Smelosky's name as "Smeloski."
28            Defendants' Motion to Dismiss spells Smelosky's name as "Smelosky."
              In this Report and Recommendation, the Court will refer to Smelosky

a Motion to Dismiss Plaintiff's Complaint (hereafter "Motion"). Plaintiff did not file an Opposition to Defendants' Motion. The Court, having reviewed the Complaint, Defendants' Motion to Dismiss and GOOD CAUSE APPEARING, HEREBY RECOMMENDS THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED.

I

FACTUAL ALLEGATIONS

Plaintiff sues the following Defendants: Correctional Officer Garibay, Acting Warden of Centinela State Prison Smelosky and Chief of the Inmate Appeals Branch N. Grannis (hereafter "Grannis").[2]

Plaintiff alleges[3] that on June 12, 2008, Garibay removed him from his job as a barber "in which a discrepancy took place of a missing barber tool." (Complaint at 3).

On June 17, 2008, Plaintiff filed a grievance about the removal from his job. On July 25, 2008, the grievance was partially granted and Plaintiff was allowed to keep his job as a barber. (Complaint at 3).

Sometime between June 17, 2008 and August 1, 2008, Garibay took a leave of absence. When Garibay returned from his leave of absence, he discovered that Plaintiff had returned to his job as a barber and retaliated against Plaintiff by recommending that Plaintiff be removed from his job as a barber. Prison officials followed Garibay's recommendation. Plaintiff alleges that Garibay's action was motivated by Plaintiff's exercise of his First Amendment

---

as "Smelosky."

[2] The Court notes that Defendants' Motion is not brought on behalf of Grannis because he has not been served in this action.

[3] The Complaint is not entirely clear.

1    rights of redressing grievances without fear of reprisals, which did
2    not serve any legitimate penalogical interests or goals. (Complaint
3    at 3).
4          On August 4, 2008 and September 23, 2008, Plaintiff filed
5    grievances and appeals that addressed Garibay's retaliation against
6    him. (Complaint at 4).
7          On August 18, 2008 and October 23, 2008, subordinates of
8    Smelosky denied Plaintiff's grievances and appeals.  Plaintiff
9    appears to allege that in denying the grievances and appeals,
10   Smelosky deliberately condoned Garibay's misconduct.  Plaintiff
11   alleges, "Defendant's wrongful act of ommission (sic) through tacit
12   authorization as chain of command acted in collusion as not pursuant
13   to the evidence presented to correct the misconduct of his subordi-
14   nates," and "... allowed... (retaliation) inflicted upon Plaintiff,"
15   for the exercise of his First Amendment rights to file grievances
16   without fear of reprisals. (Complaint at 4).
17         On November 3, 2008, Plaintiff filed a Director's Level
18   Appeal with Grannis regarding the retaliation for exercising his
19   First Amendment rights to file grievances and appeals.  On January
20   21, 2009, the appeal was denied.  Plaintiff alleges that Grannis, in
21   turn, deliberately condoned Garibay's and Smelosky's misconduct.
22   (Complaint at 5).
23         Plaintiff seeks an injunction preventing "agents, employees,
24   successors in interest and all other persons in active concept,
25   collusion or participation with them from deprivation or reprisals -
26   (retaliation) - in any form against Plaintiff for exercising his
27   First Amendment right, a protected liberty interest." (Complaint at
28   7).

## II
## PLAINTIFF'S CLAIMS

Plaintiff claims the following:

(1) Garibay removed Plaintiff from his job due to a "discrepancy (that) took place of a missing barber tool."

(2) Garibay retaliated against Plaintiff for filing a grievance about Garibay's recommendation to remove Plaintiff from his job;

(3) After Plaintiff was allowed to return to his job, Garibay recommended that Plaintiff be removed from his job a second time.

(4) Smelosky's subordinates denied Plaintiff's appeals thereby retaliating against Plaintiff for filing appeals of grievances about Garibay's conduct;

(5) Plaintiff's right to due process was violated when Grannis denied Plaintiff's Director's Level Appeal, thereby retaliating against Plaintiff for filing appeals of grievances about Garibay's conduct.

Defendants' Motion asserts:

(1) Plaintiff's Complaint fails to state a claim against Smelosky;

(2) Smelosky is entitled to qualified immunity;

(3) Defendants are immune from suit in their official capacities; and

(4) Plaintiff is not entitled to injunctive relief.

## III
## STANDARD OF REVIEW

1       A motion to dismiss for failure to state a claim pursuant to
2 FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of the claims in
3 the complaint.  FED. R. CIV. P. 8(a)(2) requires only "a short and
4 plain statement of the claim showing that the pleader is entitled to
5 relief" in order to "give the defendant fair notice of what the ...
6 claim is and the grounds upon which it rests."  Bell Atlantic Corp.
7 v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355
8 U.S. 41, 47 (1957)); Erickson v. Pardus, 127 S.Ct. 2197, 2200
9 (2007).  Dismissal of a claim is appropriate only where the
10 complaint lacks a cognizable theory.  Bell Atlantic, 550 U.S. at
11 553-565.  The court must accept as true all material allegations in
12 the complaint, as well as reasonable inferences to be drawn from
13 them, and must construe the complaint in the light most favorable to
14 the plaintiff.  N.L. Industries, Inc. v. Kaplan, 792 F.2d 896, 898
15 (9th Cir. 1986); Parks School of Business, Inc. v. Symington, 51
16 F.3d 1480, 1484 (9th Cir. 1995).  The court does not look at whether
17 the plaintiff will "ultimately prevail."  Scheuer v. Rhodes, 94
18 S.Ct. 1683, 1686 (1974).

19      "If a complaint is accompanied by attached documents, the
20 court is not limited by the allegations contained in the complaint.
21 These documents are part of the complaint and may be considered in
22 determining whether the plaintiff can prove any set of facts in
23 support of the claim." Roth v. Garcia Marquez, 942 F.2d 617, 625 n.1
24 (1991) [quoting Durning v. First Boston Corp., 815 F.2d 1265, 1267
25 (9th Cir.1987)]. "[W]hen the allegations of the complaint are
26 refuted by an attached document, the Court need not accept the
27 allegations as being true."  Roth, 942 F.2d 625 n.1 [citing Ott v.
28 Home Savings & Loan Ass'n, 265 F.2d 643, 646 n.1 (9th Cir.1958)].

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dep't of Corrections, 151 F.3d 1194, 1197, n.1 (9th Cir. 1998). Thus, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings. Id. This precludes consideration of "new" allegations that may be raised in a plaintiff's opposition to a motion to dismiss brought pursuant to FED.R.CIV.P. 12(b)(6). Id. (citing Harrell v. United States, 13 F.3d 232, 236 (7th Cir. 1993); 2 Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d ed.) ["The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."]).

To state a claim under 42 U.S.C. § 1983, a plaintiff must show: (1) that the conduct complained of was committed by a person acting under color of state law; and, (2) that the conduct deprived the plaintiff of a constitutional right. Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003); Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). Vicarious liability does not exist under § 1983. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (citations omitted). To hold a person "liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation." Id. A supervisory official may be liable only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991). Causation may be

established only by showing that the supervisor set in motion a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict the injury. <u>Watkins v. City of Oakland</u>, 145 F.3d 1087, 1093 (9th Cir. 1998).

Finally, where a plaintiff appears *in propria persona* in a civil rights case, the Court must also be careful to construe the pleadings liberally and afford plaintiff any benefit of the doubt. See <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988); <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1027, n.1 (9th Cir. 1985) (en banc). The rule of liberal construction is "particularly important in civil rights cases." <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) ("Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel."). In giving liberal interpretation to a pro se civil rights complaint, however, a court may not "supply essential elements of the claim that were not initially pled." <u>Ivey v. Bd. of Regents of the University of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." <u>Id.</u>; see also <u>Sherman v. Yakahi</u>, 549 F.2d 1287, 1290 (9th Cir. 1977) ("Conclusory allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act."). Thus, at a minimum, even the pro se plaintiff "must allege with at least some degree of particularity overt acts which defendants engaged in that support [his] claim." <u>Jones v. Community Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).

IV

PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM AGAINST SMELOSKY

Plaintiff alleges that Smelosky's subordinates denied his grievances and appeals, thereby excusing Garibay's alleged retaliatory conduct. Respondent argues that Plaintiff's Complaint fails to state a claim against Smelosky because he can not be held liable for the vicarious liability of the other persons involved in denying Plaintiff's grievances and appeals.

As previously noted, vicarious liability does not exist under §1983. Iqbal, 129 S.Ct. at 1948. Therefore, Smelosky, as a supervisor, can not be held liable for any of the acts of other employees of the prison unless Plaintiff can show a causal connection between Smelosky's conduct and the alleged constitutional violation. Plaintiff must plead that each official, through his own actions, violated Plaintiff's civil rights. Watkins, 145 F.3d at 1093. Here, Plaintiff's Complaint is insufficient because it fails to describe how Smelosky participated in, or directed, any alleged violation of Plaintiff's civil rights, or knew of any of the alleged violations and failed to act to prevent them. Since Plaintiff's Complaint fails to allege anything other than that Smelosky's subordinates denied his grievances and appeals, thereby condoning Garibay's misconduct, the Court RECOMMENDS that Defendants' Motion to Dismiss in this regard be GRANTED without prejudice.

V

SMELOSKI AND GARIBAY ARE IMMUNE FROM SUIT IN

1                     <u>THEIR OFFICIAL CAPACITIES</u>

2       Smelosky and Garibay contend that they are immune from suit
3 in their official capacities.

4       The Eleventh Amendment prohibits damages actions against
5 state officials acting in their official capacities. <u>See</u> <u>Will v.</u>
6 <u>Michigan Dept. of State Police</u>, 491 U.S. 58, 71 n.10 (1989).
7 However, it does not "bar actions against state officers in their
8 official capacities if the plaintiffs seek only a declaratory
9 judgment or injunctive relief." <u>Chaloux v. Killeen</u>, 886 F.2d 247,
10 252 (9th Cir. 1989) (internal citations omitted). Nor does it bar
11 damage actions against state officials in their personal capacities.
12 <u>See Hafer v. Melo</u>, 502 U.S. 21, 31 (1991). The Eleventh Amendment
13 prohibits only damage actions against the "official's office;"
14 actions that are in reality suits against the state itself–rather
15 than against its individual officials. <u>Id</u>. at 26-27.

16       Here, Plaintiff clearly indicates his intent to sue Smelosky
17 and Garibay for damages in both their individual and official
18 capacities. (Complaint at 1-2). For this reason it is RECOMMENDED
19 that Defendants' Motion to Dismiss be GRANTED with prejudice with
20 respect to Plaintiff's claim for damages against Smelosky and
21 Garibay in their official capacities.

22                               VI
23           <u>SMELOSKY IS ENTITLED TO QUALIFIED IMMUNITY</u>

24       Smelosky also asserts that he is protected from suits for
25 civil damages due to the doctrine of qualified immunity because his
26 conduct did not violate any clearly-established right under the
27 circumstances in which he allegedly acted. Smelosky further claims
28 that he is entitled to dismissal pursuant to FED.R.CIV.P. 12(b)(6)

based on his qualified immunity.

The entitlement to qualified immunity "is an immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The defense of "qualified immunity" protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). This standard "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" Hunter v. Bryant, 502 U.S. 224, 229 (1991) (per curiam) (quoting Malley v. Briggs, 475 U.S. 335, 343 (1986)); Jeffers v. Gomez, 267 F.3d 895, 909-910 (9th Cir. 2001).[4]

The Supreme Court recently held that the test for qualified immunity in Saucier v. Katz, 533 U.S. 194 (2001), is no longer a rigid two step analysis. Pearson v. Callahan, 192 S.Ct. 808 (2009). However, the Saucier analysis is still pertinent for qualified immunity purposes. Pearson, 192 S.Ct. at 818. Pursuant to Saucier, the first step in a qualified immunity analysis is, "taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier, 533 U.S. at 201; Jackson v. City of Bremerton, 268 F.3d 646, 650 (9th Cir. 2001); Johnson v. County of Los Angeles, 340 F.3d 787, 791 (9th Cir. 2003) (noting that because qualified immunity is "'an entitlement not to stand trial' ... courts, not juries, [must]

---

[4] The affirmative defense of qualified immunity does not extend to claims for declaratory or injunctive relief. Keenan v. Hall, 83 F.3d 1083, 1093 (9th Cir. 1996) (citing American Fire, Theft & Collision Managers, Inc. v. Gillespie, 932 F.2d 816, 818 (9th Cir. 1991). The Court takes notice that Plaintiff is also seeking injunctive and declaratory relief.

settle the ultimate questions of qualified immunity") (quoting Mitchell, 472 U.S. at 526). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Saucier, 533 U.S. at 201; Haynie v. County of Los Angeles, 339 F.3d 1071, 1078 (9th Cir. 2003). The second step of the qualified immunity analysis is whether "it would be clear to a reasonable officer that (Plaintiff's) conduct was unlawful in the situation he confronted." Saucier 533 U.S. at 202, Wilkins v. City of Oakland 350 F.3d 949, 954 (9th Cir. 2003).

Here, Plaintiff's Complaint fails to set forth sufficient allegations to support a claim of violation of a constitutional right against Smelosky. (See Section IV of this Report and Recommendation). As a result, Plaintiff does not satisfy the first prong of Saucier because the facts alleged in his Complaint do not show that Smelosky's conduct violated a constitutional right. Saucier 533 U.S. at 201. Therefore, the Court RECOMMENDS that Defendants' Motion to Dismiss in this regard be GRANTED without prejudice.

## VII

### PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF

Plaintiff alleges that he is entitled to an injunction preventing Defendants' "agents, employees, successors in interest, and all other persons in active concept, collusion or participation with them from deprivation or reprisals – (retaliation) – in any form against Plaintiff for exercising his First Amendment right a protected liberty interest." Defendants argue that Plaintiff is not entitled to injunctive relief.

In order to obtain a preliminary injunction the movant must

demonstrate "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." Beardslee v. Woodford, 395 F.3d 1064, 1067 (9th Cir. 2005) [citing Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995)] (internal quotation marks and citation omitted). Alternatively, injunctive relief could be granted if the movant "demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" Id. (citation omitted). "These two alternatives represent 'extremes of a single continuum,' rather than two separate tests." Clear Channel Outdoor Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003) (citation omitted).

As a preliminary matter, the Court notes that the only Defendants who have been named in, and served with, Plaintiff's Complaint are Garibay and Smeloski.

A federal district court may issue injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before the court. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d

719, 727-28 (9th Cir. 1983); Lathrop v. Unidentified, Wrecked & Abandoned Vessel, 817 F. Supp. 953, 961 (M.D. Fl. 1993); Kandlbinder v. Reagan, 713 F. Supp. 337, 339 (W.D. Mo. 1989); Suster v. Marshall, 952 F. Supp. 693, 701 (N.D. Ohio 1996); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"); 18 U.S.C. § 3626(a)(2) ("In any civil action with respect to prison conditions, ... [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.").

Under Federal Rule of Civil Procedure 65(d), an injunction binds only "the parties to the action, their officers, agents, servants, employees, and attorneys, and ... those persons in active concert or participation with them who receive actual notice of the order." The district court must, therefore, tailor the injunction to affect only those persons over which it has power. See Gardner v. Westinghouse Broadcasting Co., 437 U.S. 478, 481 (1978).

As noted above, this Court may exercise personal jurisdiction over only Garibay and Smeloski who have been named as Defendants and served with Plaintiff's Complaint. Murphy Bros., 526 U.S. at 350; Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). However, Plaintiff seeks injunctive relief against nonparties, "agents, employees, successor in interest and all other persons in active concept or participation with them...," (hereafter "agents"). Plaintiff does not identify the agents. As a result,

the agents have not been named as a parties and Plaintiff has not sought leave to amend his Complaint to add any of the agents. Therefore, this Court simply lacks the power to grant the injunctive relief Plaintiff seeks. See Zepeda, 753 F.2d at 727-28. For this reason alone, the Court RECOMMENDS that Plaintiff's request for injunctive relief be DENIED.

Moreover, even if this Court had personal jurisdiction over the agents Plaintiff seeks to enjoin (which it does not), he has failed to establish either an imminent irreparable injury, or the likelihood of success on the merits. See Beardslee, 395 F.3d at 1067. First, while Plaintiff claims to have suffered retaliation for exercise of his First Amendment rights, the threat of injury required to justify injunctive relief must be imminent and not merely speculative. Caribbean Marine Services Co. v. Baldridge, 844 F.2d 668, 674-75 (9th Cir. 1988). In addition, where injunctive relief is sought against actions by a governmental actor or agency which has allegedly violated the law in the *past*, as is the case here, Plaintiff must establish that the threat of future or repeated injury is both "real and immediate," not just "conjectural" or "hypothetical." City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). This he has not done.

Here, Plaintiff has failed to show he is likely to succeed on the merits of any claim for retaliation for exercise of his First Amendment rights. To state a claim for retaliation, a prisoner must allege facts that demonstrate that (1) a state actor took adverse action against the inmate; (2) because of; (3) the inmate's protected conduct, and that such action; (4) chilled the exercise of the inmate's First Amendment rights, and; (5) the action did not

reasonably advance a legitimate correctional goal. <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-568 (9th Cir. 2004).

In this case, Plaintiff simply alleges that Garibay removed him from his job as a barber because "a discrepancy took place of a missing barber tool." After Petitioner appealed the removal from his job, he was allowed to keep his job. Thereafter, when Garibay discovered that Plaintiff had returned to his job, he recommended that Plaintiff be again removed from his job and prison officials followed Garibay's recommendation. Plaintiff alleges that Garibay's actions were motivated by Plaintiff's exercise of his First Amendment rights of redressing grievances without fear of reprisals. Further, Plaintiff alleges that Smelosky and Grannis, in denying Plaintiff's appeals regarding Garibay's conduct, supported Garibay's alleged retaliation against Plaintiff. These allegations are insufficient to grant injunctive relief.

First, Plaintiff's allegations regarding Defendants' retaliation are lacking in that he fails to allege any facts to show that his First Amendment rights were chilled by Defendants' actions, and that Defendants' actions did not advance a legitimate correctional goal. Therefore, Plaintiff has not even stated a complete cause of action for retaliation. Second, Plaintiff does not identify the agents that he seeks to have enjoined. The Court can not fashion injunctive relief against unidentified individuals. <u>Murphy Bros.</u>, 526 U.S. at 350. Third, Plaintiff does not even address the likelihood of the success of his claims on the merits. Accordingly, Plaintiff also has failed to show the likelihood of success on the merits required to justify injunctive relief. <u>Beardslee</u>, 395 F.3d at 1067.

## VIII

<u>CONCLUSION AND RECOMMENDATION</u>

For the reasons set forth herein, the Court RECOMMENDS as follows:

(1) The Court RECOMMENDS Defendants' Motion to Dismiss Smelosky for failure to state a claim be GRANTED without prejudice.

(2) The Court RECOMMENDS Defendants' Motion to Dismiss with regard to Plaintiff's claim for damages against Defendants in their official capacities be GRANTED with prejudice.

(3) The Court RECOMMENDS Defendants' Motion to Dismiss with regard to Smelosky's Qualified Immunity be GRANTED without prejudice.

(4) the Court RECOMMENDS that Plaintiff's request for injunctive relief be DENIED without prejudice.

(5) The Court RECOMMENDS that Plaintiff be given a reasonable amount of time to amend his Complaint.

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than <u>June 1, 2010</u>, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than <u>June 14, 2010</u>. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. <u>Martinez v. Ylst</u>,

951 F.2d 1153 (9th Cir. 1991).

DATED:   May 4, 2010

 _____  
 Hon. William V. Gallo  
 U.S. Magistrate Judge